# United States District Court
EASTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DEBRA ANN LOHRI | § | |
|     Appellant | § | Civil Action No.  4:17-CV-866 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC | § | |
|     Appellee | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Specialized Loan Servicing, LLC's Motion to Dismiss Debra Ann Lohri's Appeal from an order issued by the United States Bankruptcy Court for the Eastern District of Texas granting a motion to dismiss in favor of Specialized Loan Servicing, LLC. Having considered the relevant pleadings, the Court finds that the Notice of Appeal is untimely and should be dismissed.

## BACKGROUND

On or about July 16, 2004, Debra Ann Lohri ("Lohri") purchased property located at 2220 Glenbrook Street, Flower Mound, Texas 75028-1963 (the "Property") and executed a Note payable to Countrywide Home Loans, Inc. ("Countrywide").  Lohir simultaneously executed a deed of trust (the "Deed of Trust") in favor of Countrywide to secure payment of the Note.

On January 22, 2007, Countrywide assigned its interest in the Deed of Trust to Mortgage Electronic Registration System, Inc. ("MERS").  On October 13, 2011, MERS assigned its interest in the Deed of Trust to Bank of America, N.A. ("BANA") successor by merger to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing LP.  On April 5, 2012, BANA assigned its interest in the Deed of Trust to U.S. Bank National Association ("US Bank"), Trustee

for the CSAB Mortgage Loan Trust 2007-1. Specialized Loan Servicing, LLC ("SLS") is the current servicer of the mortgage.

According to SLS, Lohri stopped making mortgage payments sometime in 2010. Lohri filed numerous actions in both state and federal district and bankruptcy court challenging the validity of the mortgage and attempting to avoid foreclosure proceedings. On April 17, 2012, Lohri filed her first petition for relief under Chapter 7 of the Bankruptcy Code in the Eastern District of Texas under Cause No. 12-41003. The court ultimately dismissed the first bankruptcy case because Lohri failed to file all required documents.

On August, 3, 2012, Lohri filed suit *pro se* in the 362nd Judicial District Court, Denton County, Texas, against numerous defendants including Countrywide, BANA, US Bank, and MERS. The Defendants timely removed the case on August 30, 2012. Central to all of Lohri's claims was that Countrywide made certain misrepresentations or acted unfairly in regards to her home loan, that MERS lacked an enforceable interest to transfer to Bank of America, and that the subsequent "splitting" of the Deed of Trust and Note rendered her indebtedness void.

The Defendants then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Judge Don D. Bush granted the Defendants' motion to dismiss and dismissed Lohri's claims with prejudice. *Lohri v. Countrywide Home Loans Inc.*, No. 4:12-CV-00568, 2014 WL 12577107, at *1 (E.D. Tex. Feb. 19, 2014), *report and recommendation adopted*, No. 4:12-CV-00568, 2014 WL 12577106 (E.D. Tex. Mar. 28, 2014). Specifically, Judge Bush found that the "split-the note theory" had no merit under Texas law. *Id.* Judge Bush further found that a mortgage servicer need not hold the note in order to foreclose under Texas law. *Id.* The District Court adopted those recommendations on March 28, 2014. A final judgment was entered on the same day and no appeal followed.

On April 4, 2016, Lohri filed suit for a second time in Denton County District Court under Cause No. 16-02559. Lohri only named ReconTrust Company, N.A. as a defendant. SLS, as servicer of the mortgage, intervened and filed a counterclaim for judicial foreclosure. Lohri filed a motion for summary judgment which was denied on July 3, 2017. On July 3, 2017, shortly after the court denied Lohri's motion for summary judgment, Lohri sought protection under Chapter 7 of the Bankruptcy Code in the Eastern District of Texas for a second time under Cause No. 17-41431.

After filing for bankruptcy protection, on August 10, 2017, Lohri initiated an adversary proceeding naming the servicer of her home mortgage, SLS, as the defendant, similarly asserting that the assignments by MERS are invalid and that limitations had run, among other things. (*Lohri v. Specialized Loan Servicing, LLC (In re Lohri)*, Ch. 7 Case No. 17-41431 Adv. No. 17-04075, slip op (E.D. Tex. Aug. 11, 2017), (Btr. Dkt. #1). On September 8, 2017, SLS filed a Motion to Dismiss (Btr. Dkt. #5). On November 9, 2017, the Bankruptcy Court found that Lohri's "claims are barred by res judicata and collateral estoppel, and that dismissal is appropriate and that the Motion to Dismiss should be granted."(Btr. Dkt. #22). On December 15, 2017, Lohri filed her Notice of Appeal (Btr. Dkt. #41).

On December 19, 2017, SLS filed a Motion to Dismiss Appeal (Dkt. #3). On December 29, 2017, Lohri filed a response (Dkt. #4). On January 2, 2018, SLS filed a reply (Dkt. #5). On January 4, 2018, Lohri filed a sur-reply (Dkt. #6).

## LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1) (2012). A bankruptcy court's "findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Drive Fin. Servs., L.P. v.*

*Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *see also In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Ferrell v. Countryman*, 398 B.R. 857, 862 (E.D. Tex. 2009). In a bankruptcy appeal, "a district court cannot consider issues that were not initially presented to the bankruptcy court." *Ferrell*, 398 B.R. at 863 (citations omitted). A district court "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Ferrell*, 398 B.R. at 863 (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996)).

## ANALYSIS

Rule 8002 provides that a "notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree appealed." FED. R. BANKR. P. 8002(a). Rule 8002 further provides that the bankruptcy judge may extend the time for filing a notice of appeal, but the request to extend the time must be made before the time for filing a notice of appeal has expired. FED. R. BANKR. P. 8002(d)(1)(A). If the request to extend the time for filing an appeal is not made within fourteen days of the entry of the order, but is made within twenty-one days from the expiration of the time to file a notice of appeal, then the bankruptcy judge may still grant the extension "if the party shows excusable neglect." FED. R. BANKR. P. 8002(d)(2)(B). A court's determination of "excusable neglect" is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395,113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher),* 35 F.3d 232, 236 (5th Cir.1994) (per curiam). "Although inadvertence, ignorance of the rules, or

mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' is a somewhat 'elastic concept'. . . ." *Pioneer,* 507 U.S. at 392.

The fourteen-day time limit to file an appeal is jurisdictional because 28 U.S.C. § 158 "expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002." *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013). Therefore, if an appeal from a bankruptcy order is untimely, the district court does not have jurisdiction to hear the appeal, and the court has "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The deadline for Lohri to file a Notice of Appeal was December 9, 2017. Lohri failed to file a notice of appeal until December 15, 2017. There are no equitable exceptions to a jurisdictional requirement and Lohri did not timely seek additional time from the bankruptcy court. Thus, because Lohri did not file a notice of appeal within the fourteen-day limit, the Court does not have jurisdiction over the bankruptcy court's order. Accordingly, Lohri's Appeal is dismissed.

## CONCLUSION

It is therefore **ORDERED** that Specialized Loan Servicing, LLC's Motion to Dismiss Lohri's Appeal (Dkt. #3) is **GRANTED** and Lohri's Appeal is **DISMISSED**.

**SIGNED this 14th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE